# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 17-1333V
Filed: January 19, 2018
Not to be Published.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| DAVE W. HIGHLAND, | \* |
| | \* |
| Petitioner, | \* |
| | \*    Influenza ("flu") vaccine; |
| v. | \*    Parsonage-Turner Syndrome ("PTS"); |
| | \*    petitioner moves for ruling on record |
| SECRETARY OF HEALTH | \* |
| AND HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |
| | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Bradley S. Freedberg, Denver, CO, for petitioner.
Claudia B. Gangi, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION[1]

On September 26, 2017, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that influenza ("flu") vaccine administered on October 22, 2015 caused him Parsonage-Turner Syndrome ("PTS") in his right arm. Pet. ¶¶ at 5, 9. However, petitioner's right arm pain began before his flu vaccination and Dr. Lauren Middleton, petitioner's neurologist, had a high suspicion that petitioner's shingles (from chickenpox which is a type of herpes virus) caused his PTS. In addition, the flu vaccine was administered in petitioner's left deltoid, not his right deltoid.

On January 18, 2018, petitioner filed a Motion for a Ruling on the Record. He states that

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

he was unable to have his personal care physician modify his records to reflect that he received flu vaccine in his right deltoid as petitioner remembers rather than the medical record notation that the injection site was his left deltoid.  Pet'r's Mot. at 1.  Petitioner restates his belief that flu vaccine caused his PTS.  Id. at 2.

The undersigned **GRANTS** petitioner's Motion for a Ruling on the Record and **DISMISSES** this case.

## FACTS

### Pre-vaccination records

On October 22, 2015, petitioner went to Northwest Family Medicine with his wife and saw PA-C Alyssa R. Richardson.  Med. recs. Ex. 3, at 47.  Petitioner complained of a new onset of right-sided neck pain for four days (putting onset on October 18, 2015).  Petitioner had pain in the back of his neck and pain shooting down his right arm.  His right hand was numb.  Petitioner's wife said that they were lifting things in the storage room the day the pain started.  Movement aggravated petitioner's right arm pain.  Id.  The assessment was cervical neuralgia and weakness of the right arm.  Id. at 48.

### Post-vaccination records

On October 22, 2015, petitioner received flu vaccine in his left deltoid.  Med. recs. Ex. 1, at 16.  His prior flu vaccinations in 2012, 2013, and 2014 were all in his left deltoid.  Id.

On October 30, 2015, petitioner went to St. Anthony North Health Campus where he saw Dr. Gen Maruyama for an MRI of his cervical spine.  Id. at 17.  Petitioner had a history of multiple sclerosis ("MS") and right arm paralysis.  Id.  Dr. Maruyama's impression was severe right and moderately severe left foraminal narrowing at the C4-C5 levels; severe bilateral foraminal narrowing at the C5-6 levels; and moderate foraminal narrowing at the C3-C4 levels.  Id. at 18.

On January 27, 2016, petitioner saw Dr. Lauren Middleton, a neurologist, complaining of right upper extremity shoulder pain.  Med. recs. Ex. 2, at 29.  Petitioner smokes 11-20 cigarettes daily.  He has a history of MS and had previous back surgeries in 1982 and 2011.  His MS has given him chronic right upper extremity pain.  He went to an emergency department ("ED") on October 25, 2015 which diagnosed him with shingles and prescribed Valtrex and prednisone.  He returned to the ED on October 30, 2015 with crusted-over shingles and a new complaint of arm weakness confined to his right deltoid and subtle right biceps weakness.  MRI and CT scans of his cervical spine showed multilevel degenerative disc disease with severe foraminal stenosis on the right at the C4-C5 levels.  Id.  Dr. Middleton had a high suspicion for petitioner having a post-infectious brachial plexopathy.  Id. at 31.

## DISCUSSION

To satisfy his burden of proving causation in fact, petitioner must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." Althen v. Sec'y of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005). In Althen, the Federal Circuit quoted its opinion in Grant v. Secretary of Health and Human Services, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause of and effect showing that the vaccination was the reason for the injury [,]" the logical sequence being supported by a "reputable medical or scientific explanation[,]" i.e., "evidence in the form of scientific studies or expert medical testimony[.]"

418 F.3d at 1278.

Without more, "evidence showing an absence of other causes does not meet petitioner's affirmative duty to show actual or legal causation." Grant, 956 F.2d at 1149. Mere temporal association is not sufficient to prove causation in fact. Id. at 1148.

Petitioner must show not only that but for flu vaccine, he would not have PTS, but also that flu vaccine was a substantial factor in causing his PTS. Shyface v. Sec'y of HHS, 165 F.3d 1344, 1352 (Fed. Cir. 1999).

The Vaccine Act, 42 U.S.C. § 300aa-13(a)(1), prohibits the undersigned from ruling for petitioner based solely on his allegations unsubstantiated by medical records or medical opinion. The medical records do not support petitioner's allegations.

Petitioner's treating neurologist Dr. Middleton ascribed petitioner's PTS to a herpes zoster infection. Petitioner went to the hospital ED to be treated for shingles within a few days of his October 22, 2015 vaccination. The Federal Circuit in Capizzano v. Sec'y of HHS, 440 F.3d 1317, 1326 (Fed. Cir. 2006), emphasized that the special masters are to evaluate seriously the opinions of petitioner's treating doctors since "treating physicians are likely to be in the best position to determine whether a logical sequence of cause and effect show[s] that the vaccination was the reason for the injury." See also Broekelschen v. Sec'y of HHS, 618 F.3d 1339, 1347 (Fed. Cir. 2010); Andreu v. Sec'y of HHS, 569 F.3d 1367, 1375 (Fed. Cir. 2009).

In addition, petitioner complained of pain shooting down his right arm and his right hand being numb before he received his 2015 flu vaccination in his left deltoid. There is no basis in the medical record to find that flu vaccine caused petitioner's PTS. Moreover, he has not filed a medical expert opinion in support of his allegations.

Petitioner moves for a ruling on the record.

The undersigned **GRANTS** petitioner's motion and **DISMISSES** this petition.

## CONCLUSION

The petition is **DISMISSED**.  In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated:  January 19, 2018                              /s/ Laura D. Millman
                                                                          Laura D. Millman
                                                                          Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.