# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 17-1333V
Filed: March 28, 2018
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| DAVE W. HIGHLAND, | \* | |
| | \* | |
| Petitioner, | \* | Attorneys' fees and costs decision; |
| | \* | lack of reasonable basis |
| v. | \* | |
| | \* | |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Bradley S. Freedberg, Denver, CO, for petitioner.
Claudia B. Gangi, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION DENYING AN AWARD OF ATTORNEYS' FEES AND COSTS[1]

On September 26, 2017, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that influenza ("flu") vaccine administered on October 22, 2015 caused him Parsonage-Turner Syndrome ("PTS") in his right arm. Pet. ¶¶ at 5, 9.

On January 18, 2018, petitioner filed a motion for a ruling on the record. On January 19, 2018, the undersigned issued a decision dismissing the case. On February 26, 2018, petitioner filed a motion for attorneys' fees and costs. For the reasons set forth below, the undersigned **DENIES** petitioner's motion for attorneys' fees and costs.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

## PROCEDURAL HISTORY

On September 26, 2017, petitioner filed a petition alleging that flu vaccine administered on October 22, 2015 caused him PTS in his right arm. However, petitioner's right arm pain began before his flu vaccination and Dr. Lauren Middleton, petitioner's neurologist, had a high suspicion that petitioner's shingles (from chickenpox which is a type of herpes virus) caused his PTS. In addition, the flu vaccine was administered in petitioner's left deltoid, not his right deltoid.

On September 26, 2017, the case was assigned to the undersigned.

After reviewing medical records filed on December 4, 2017, the undersigned issued an Order to Show Cause why this case should not be dismissed on the same day. In her Order to Show Cause, the undersigned pointed out that petitioner's medical records reflect an onset of right-sided neck pain four days prior to his receipt of flu vaccine. Order, at 1 (citing Med. recs. Ex. 3, at 47). Petitioner had pain in the back of his neck and pain shooting down his right arm. Id. His right hand was numb. Id. Petitioner's wife said that they were lifting things in the storage room the day the pain started. Id. The undersigned also noted that petitioner's medical records indicate petitioner received flu vaccine in his left deltoid, not his right deltoid, and that his prior flu vaccinations in 2012, 2013, and 2014 were all administered in his left deltoid. Id. at 2 (citing Med. recs. Ex. 1, at 16).

During the initial telephonic status conference on December 5, 2017, the undersigned discussed the Order to Show Cause with the parties and ordered petitioner to file his emergency department records for October 25 and 30, 2015 by January 19, 2018.

On January 18, 2018, petitioner filed a motion for a ruling on the record. He states that he was unable to have his personal care physician modify his records to reflect that he received flu vaccine in his right deltoid as petitioner remembers rather than the medical record notation that the injection site was his left deltoid. Pet'r's Mot. at 1. On January 19, 2018, the undersigned dismissed the case. Judgment entered on February 22, 2018.

On February 26, 2018, petitioner filed a motion for attorneys' fees and costs. Petitioner requests $15,975.00 in attorneys' fees and $500.00 in attorneys' costs, for a total request of $16,475.00. In accordance with General Order #9, petitioner said he did not advance any funds in the prosecution of his claim.

On March 12, 2018, respondent filed an opposition to petitioner's motion for attorneys' fees and costs ("opposition") arguing petitioner had no reasonable basis to file the petition. Resp. at 3. Respondent respectfully requests the undersigned exercise her discretion and deny petitioner's motion. Id. at 6.

On March 14, 2018, petitioner filed a reply to respondent's opposition ("reply"). In his reply, petitioner argues that (1) his counsel is not experienced in the Vaccine Program and he did

not know "LD" refers to left deltoid and "INJ" refers to injection site; (2) he filed the petition in good faith; and (3) because his counsel "with 30 years [of] experience in general litigation . . . knows that sometimes things actually break in your favor as a proceeding unfolds, . . ." he believed this was a claim worth bringing.   Reply at 2, 3, 4.

This matter is now ripe for adjudication.

## DISCUSSION

I. **Entitlement to Fees Under the Vaccine Act**

   a. **Legal Standard**

Under the Vaccine Act, a special master or a judge on the U.S. Court of Federal Claims may award fees and costs to an unsuccessful petitioner if "the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."   42 U.S.C. § 300aa-15(e)(1); Sebelius v. Cloer, 133 S. Ct. 1886, 1893 (2013).

"Good faith" is a subjective standard.   Hamrick v. Sec'y of HHS, No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).   A petitioner acts in "good faith" if he or she holds an honest belief that a vaccine injury occurred.   Turner v. Sec'y of HHS, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).   Petitioners are "entitled to a presumption of good faith."   Grice v. Sec'y of HHS, 36 Fed. Cl. 114, 121 (Fed. Cl. 1996).

"Reasonable basis" is not defined in the Vaccine Act or Rules.   It has been determined to be an "objective consideration determined by the totality of the circumstances." McKellar v. Sec'y of HHS, 101 Fed. Cl. 297, 303 (Fed. Cl. 2011).   Traditionally, special masters have been "quite generous" in finding reasonable basis.   Turpin v. Sec'y of HHS, No. 99-564V, 2005 WL 1026714, at *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005); see also Austin v. Sec'y of HHS, No. 10-362V, 2013 WL 659574, at *8 (Fed. Cl. Spec. Mstr. Jan. 31, 2013) ("The policy behind the Vaccine Act's extraordinarily generous provisions authorizing attorney fees and costs in unsuccessful cases—ensuring that litigants have ready access to competent representation—militates in favor of a lenient approach to reasonable basis.").   However, "Fee denials are expected to occur.   A different construction of the statute would swallow the special master's discretion."   Chuisano v. United States, 116 Fed. Cl. 276, 286 (Fed. Cl. 2014).   See also Dews v. Sec'y of HHS, No. 13-569V, 2015 WL 1779148, at *2 (Fed. Cl. Spec. Mstr. Mar. 30, 2015) (in which the undersigned found HPV vaccine did not cause vaccinee's DSRC cancer, a genetically-caused disease, and petitioner was not entitled to attorneys' fees and costs because she did not have a reasonable basis to bring the petition).

In determining reasonable basis, the court looks "not at the likelihood of success [of a claim] but more to the feasibility of the claim."   Turner, 2007 WL 4410030, at *6 (citing Di Roma v. Sec'y of HHS, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)).   Factors to be considered include factual basis, medical support, jurisdictional issues, and the circumstances under which a petition is filed.   Turner, 2007 WL 4410030, at *6–*9.

However, the Federal Circuit has recently clarified in <u>Simmons</u> that "a looming statute of limitations deadline . . . has no bearing on whether there is reasonable factual basis 'for the claim' raised in the petition. That is an objective inquiry unrelated to counsel conduct." <u>Simmons v. Sec'y of HHS</u>, 875 F. 3d 632, 636 (Fed. Cir. 2017).

### b. Good faith and reasonable basis

Petitioner is entitled to a presumption of good faith, and respondent does not contest that the petition was filed in good faith. <u>Grice</u>, 36 Fed. Cl. at 121. Thus, petitioner's argument of good faith in his reply is not an issue. There is no evidence that this petition was brought in bad faith. Therefore, the undersigned finds that the good faith requirement is satisfied. However, for the reasons outlined below, the undersigned finds petitioner did not have a reasonable basis to bring his claim.

In his reply, petitioner argues that his counsel is inexperienced in this Program and did not know "LD" refers to left deltoid and "INJ" refers to injection site. <u>Simmons</u> holds that reasonableness is an objective inquiry. <u>Simmons</u>, 875 F. 3d 632, 636. The reasonable basis analysis must focus on whether there is evidentiary support for the claim set forth in the petition. <u>Id.</u> Counsel's lack of experience in the Program has no bearing on whether there is an objective reasonable basis for petitioner to file his claim. Petitioner had no reasonable expectation that he would prove that flu vaccine administered in his left deltoid caused his alleged PTS in his right arm when his right arm pain began before his flu vaccination and his treating neurologist diagnosed him with shingles brachial neuropathy.[2]

Counsel has a duty to investigate a claim before filing it. In <u>Rehn v. Sec'y of HHS</u>, Judge Lettow explained: "if an attorney does not actively investigate a case before filing, the claim may not have a reasonable basis and so may not be worthy of attorneys' fees and costs." 126 Fed. Cl. 86, 93 (Fed. Cl. 2016). The billing records reflect that petitioner initially made contact with counsel on May 9, 2017, over four months before he filed his petition on September 26, 2017. He received flu vaccine on October 22, 2015. Even if petitioner's alleged vaccine injury began the day he received the vaccine, he had until October 22, 2018 before the statute of limitations would run on his claim. Thus, petitioner's counsel had ample time to perform due diligence.

Based on petitioner's counsel's invoice, medical records had been obtained and reviewed by two attorneys prior to the filing of the petition. Petitioner's counsel billed hours for conferring with his associated counsel Mr. Cairns who billed 8 hours for reviewing the medical records and a paralegal billed 15 hours for organizing these records. Doc. 15-1, at 4-5. What counsel should have realized through their review, however, was that petitioner's medical records do not support his allegations and he did not have a reasonable basis to bring his claim.

---

[2] In his reply, petitioner stated his counsel advised him that he would not prevail after respondent brought forward a medical journal article recognizing the shingles brachial neuropathy. Reply at 3. This statement is inaccurate. It was petitioner's treating doctor who diagnosed him with shingles brachial neuropathy. Med. recs. Ex. 2, at 31.

4

## CONCLUSION

The undersigned finds petitioner did not have a reasonable basis to file a petition. Therefore, the undersigned **DENIES** petitioner's motion for attorneys' fees and costs.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

Dated: March 28, 2018                                          s/ Laura D. Millman
                                                                             Laura D. Millman
                                                                             Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.