# In the United States Court of Federal Claims

No. 17-1333V
(Filed Under Seal: July 9, 2018)
Refiled: July 30, 2018
Not for Publication

*************************************
* 
**DAVE W. HIGHLAND,** *
*
           Petitioner, *
*
     v. *
*
**SECRETARY OF HEALTH AND** *
**HUMAN SERVICES,** *
*
           Respondent. *
*
*************************************

## ORDER AND OPINION[1]

**DAMICH,** Senior Judge:

     Before the Court is counsel for petitioner, Bradley S. Freedberg's two-page Motion for Review ("MFR") of the Special Master's Decision denying petitioner's Motion for Attorneys' Fees and Costs in the underlying action.[2] Mr. Freedberg's "barebones" MFR does not include a standard of review, substantive argument, or legal support. However, he asserts that the Special Master's determination that petitioner's claim lacked a reasonable basis was improper and unjustified because (1) the Special Master "ignored" that "the record included petitioner's oral statement that he, based on his knowledge and memory, stated that the medical records were incorrect concerning the site of the injection," and (2) the Special Master failed to take judicial notice of petitioner's assertion that many experts suspect that the causes of Parsonage Turner Syndrome ("PTS") include systemic inflammatory response to the flu virus, and thus the location of the injection is immaterial. MFR at 2. Respondent filed its response in opposition.

---

[1] Pursuant to Vaccine Rule 18(b), each party shall have 14 days within which to notify the court of any information that should be redacted from this decision for reasons of privilege or confidentiality. If the court does not receive any such notification, the entire opinion will be made public. No redactions were received.

[2] Petitioner originally filed his claim under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. § 300aa-1 to -34, as amended ("Vaccine Act").

1

After careful review, the Court holds that the Special Master did not abuse her discretion in denying attorney fees. For the reasons stated below, the Court **DENIES** petitioner's Motion for Review and **AFFIRMS** the Special Master's Denial of Attorneys' Fees.

I.    **Procedural History**

On September 26, 2017, petitioner filed a claim alleging that a vaccine administered to his right deltoid caused him to suffer from PTS in that deltoid. ECF No. 1. Shortly, thereafter, on December 4, 2017, the Special Master issued an Order to Show Cause ("Order") why the case should not be dismissed. ECF No. 8. In her Order, the Special Master noted that the medical records showed that petitioner's symptoms of PTS began before the vaccination and that the vaccine was administered to his left deltoid, not his right deltoid as he alleged in his petition, to which she requested a response. Order at 2-3. On December 5, 2017, Mr. Freedberg forwarded a voicemail to the Special Master and respondent's counsel via telephone. In this voicemail, petitioner stated that he remembered the injection site to be his right deltoid.

In response to the Special Master's Order, petitioner filed a Motion for a Ruling on the Record ("Motion") on January 19, 2018. This Motion included the statement that "[p]etitioner was unable to have his PCP modify his records to reflect the injection site in his right deltoid as he recalls, versus the written record of [Left Deltoid]." Motion at 1. Subsequently, the Special Master issued a decision dismissing the case reasoning: (1) [t]he Vaccine Act prohibits her from "ruling for petitioner based solely on his allegations unsubstantiated by medical records or medical opinion[,]" (2) petitioner's neurologist had a "high suspicion" that shingles caused his PTS symptom; (3) his symptoms began four days before his flu vaccination, and (4) the flu vaccine was administered to his left shoulder, not his right shoulder. *See Highland v. Sec'y of HHS*, No. 17-1333V, slip op. (Fed. Cl. Spec. Mstr. Jan. 19, 2018). Therefore, the Special Master held that "[t]he medical records do not support petitioner's allegations," and she concluded, "[t]here is no basis in the medical record to find that flu vaccine caused petitioner's PTS." *Id.* at *5. Moreover, he did not file a medical expert opinion in support of his allegations. *Id.*

After dismissal, Mr. Freedberg filed a Motion for $15,975.00 in attorneys' fees and $500.00 in costs. ECF No. 15. Respondent opposed arguing that petitioner's claim had lacked a reasonable basis at the time he filed the original claim. In Mr. Freedberg's reply brief ("Reply"), Mr. Freedberg argued that his lack of experience in Vaccine Act claims should be taken into account. ECF No. 17 at 2. Mr. Freedberg also stated that petitioner had symptoms "consistent with recognized vaccine injury," which made it a "case worth bringing," and that, "sometimes things actually break in your favor as a proceeding unfolds." *Id.* The Special Master denied the Motion for Attorneys' Fees, holding that:

> Counsel's lack of experience in the Program has no bearing on whether there is an objective reasonable basis for petitioner to file his claim. Petitioner had no reasonable expectation that he would prove that flu vaccine administered in his left deltoid caused his alleged PTS in his right arm when his right arm pain began

2

      before his flu vaccination and his treating neurologist diagnosed him with
      shingles brachial neuropathy.

Denial of Att'y's Fees at 4. The Special Master further held that, "[c]ounsel has a duty to investigate a claim before filing it," and that Mr. Freedberg should have realized that the medical records did "not support his allegations, and he did not have a reasonable basis to bring his claim." *Id.*

    **II.**    **Standard of Review**

      The Court of Federal Claims may set aside a decision of a Special Master "only if the Special Master's fact findings are arbitrary and capricious, its legal conclusions are not in accordance with law, or its discretionary rulings are an abuse of discretion." *Hazlehurst v. Sec'y of HHS*, 604 F.3d 1343, 1348-49 (Fed. Cir. 2010); 42 U.S.C. § 300aa-12(e)(2)(B). "If the Special Master has considered the relevant evidence of the record, drawn plausible inferences and articulated a rational basis for the decision, reversible error will be extremely difficult to demonstrate." *Hines v. Sec'y of HHS*, 940 F.2d 1518, 1528 (Fed. Cir. 1991).

      "Under the Vaccine Act, an unsuccessful petitioner may be awarded attorneys' fees 'if the special master or court determines that the petition was brought in good faith *and there was a reasonable basis for the claim* for which the petition was brought.'" *Simmons v. Sec'y of HHS*, 875 F.3d 632, 635 (Fed. Cir. 2017) (quoting 42 U.S.C. § 300aa-15(e)(1)) (emphasis in the original). These requirements are "two distinct facets." *Id.* (quoting *Chuisano v. United States*, 116 Fed. Cl. 276, 289 (2014)). While "good faith" is a subjective inquiry, the presence of a "reasonable basis" is an objective one. *Id.*

      "There must be a reasonable basis *for the claim* for which the petition was brought before the special master may exercise her discretion in awarding attorneys' fees." *Simmons*, 875 F.3d at 636 (emphasis in original). *McKellar v. Sec'y of HHS*, 101 Fed. Cl. 297, 303 (2011) ("To establish a reasonable basis, the petitioner must rely on more than speculation."); s*ee also Collins v. Sec'y of HHS*, 1992 U.S. Cl. Ct. LEXIS 318 at *4 (Cl. Ct. 1992) ("[A] finding of entitlement cannot be based on the claims of petitioners unsubstantiated by medical records or medical opinion. Without such support, it would be unreasonable to file a petition.") (citations omitted). "[C]ounsel's duty to zealously represent their client does not relieve them of their duty to the court to avoid frivolous litigation." *Perreira v. Sec'y of HHS*, 33 F.3d 1375, 1377 (Fed.Cir. 1994) (holding petitioners had no reasonable basis once they reviewed their evidence which was wholly unsupported by medical literature.).

      Deciding whether a claim was brought in good faith and had a reasonable basis "is within the discretion of the Special Master and is generally reviewed for abuse of discretion." *Simmons v. Sec'y of HHS*, 128 Fed. Cl. 579, 582 (2016) (aff'd 875 F.3d 632) (quoting *Scanlon v. Sec'y of HHS*, 116 Fed. Cl. 629, 633 (2014) (citing *Davis v. Sec'y of HHS*, 105 Fed. Cl. 627, 633 (2012)).

**III.   Discussion**

Mr. Freedberg argues that the Special Master's denial of attorneys' fees was improper for two reasons. First, he argues that the Special Master ignored petitioner's recorded statement asserting that the vaccine was injected into his right deltoid.  Second, Mr. Freedberg argues that the Special Master failed to take judicial notice of petitioner's assertion that many experts suspect that the flu virus causes PTS.  The Court will take both arguments in turn.

First, the Court addresses Mr. Freedberg's argument regarding petitioner's recorded statement.  This is the first time in the record that petitioner specifically refers to the recorded statement forwarded by voicemail on December 5, 2017.  Respondent notes that the recording is not part of the record of this case. ECF No. 22 at 9.  Regardless, petitioner's memory of the vaccine's injection site was amply documented in the written pleadings.  *See* Pet'r's Compl. at 1; Mot. Ruling on Record at 1; Reply to Resp. to Mot. Att'y Fees at 2.  Contrary to Mr. Freedberg's argument, the Special Master clearly took petitioner's memory of the injection site into account before deciding that petitioner's claim lacked a reasonable basis, as she even referred to petitioner's recollection in her Denial of Attorneys' Fees. Denial Att'y Fees at 2 ("[Petitioner] states that he was unable to have his personal care physician modify his records to reflect that he received flu vaccine *in his right deltoid as petitioner remembers* rather than the medical record notation that the injection site was his left deltoid.").  Therefore, the Special Master did not ignore this argument as Mr. Freedberg contends.  Rather, she was aware of it, but acted in accordance with the law and within her discretion by not finding a reasonable basis for the claim based "solely on the claims of petitioner." *See Collins,* 1992 U.S. Cl. Ct. LEXIS 318 at *4.

Second, Mr. Freedberg argues that the Special Master failed to take judicial notice that "Parsonage Turner Syndrome causes are suspected by many experts . . . to include systemic inflammatory response to the flu virus – thus for these suspected causes the location of the injection is immaterial." MFR at 2. The Court cannot find any record that petitioner sought judicial notice of this proposition.  It is clear, however, that petitioner did not file any expert medical opinion or medical literature which would have been required for the Special Master to take judicial notice. Therefore, she did not abuse her discretion by not taking judicial notice of this proposition.

The Special Master denied the Motion for Attorneys' Fees after considering all the evidence provided by petitioner and, exercising her wide discretion, she found that the claim did not have a reasonable basis.  Specifically, she said:

> Petitioner had no reasonable expectation that he would prove that flu vaccine administered in his left deltoid caused his alleged PTS in his right arm when his right arm pain began before his flu vaccination and his treating neurologist diagnosed him with shingles brachial neuropathy.

Denial of Att'y Fees at 4-5.

It is clear from the Special Master's decision that she followed the law and examined the record for objective evidence supporting the required elements of petitioner's claim. *See* 42 U.S.C. § 300aa-11(c)(1). She properly found that petitioner lacked a reasonable expectation that he could prove that the flu vaccine in his left deltoid caused the injury he alleged in his right arm, when his symptoms began before his flu vaccine and his neurologist diagnosed shingles as the cause of his PTS. *See* 42 U.S.C. § 300aa-11(c)(1)(C); *see also* Denial of Att'y Fees at 4-5. In keeping with the Vaccine Act and the Federal Circuit's decision in *Simmons*, the Special Master properly applied the "reasonable basis" standard by focusing on the objective evidence. As such, the Special Master's Denial of Attorneys' Fees was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

## IV.     Conclusion

The Court **DENIES** the petitioner's motion for review and **AFFIRMS** the Special Master's Denial of Attorneys' Fees. The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

s/ Edward J. Damich
EDWARD J. DAMICH
Senior Judge
